810 F.2d 200
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
James DIXON, Petitioner,
v.
BENEFITS REVIEW BOARD; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondent.
 No. 85-3780.
 United States Court of Appeals, Sixth Circuit.
 Nov. 6, 1986.
 
 Before MERRITT, GUY and MORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner, James Dixon, appeals from an order of the Benefits Review Board, Department of Labor, reversing the order of the Administrative Law Judge which awarded Dixon "black lung" benefits under the Federal Coal Mine Health and Safety Act.
 
 
 2
 Where the Benefits Review Board reverses a decision of an Administrative Law Judge, the question before us, on appeal, is not whether the Board's decision was supported by substantial evidence, but whether the Board was correct in concluding that the Administrative Law Judge's decision was not supported by substantial evidence. Bizzarri v. Consolidated Coal Co., 775 F.2d 751, 753 (6th Cir.1985). Accordingly, we must review the evidence upon which the Administrative Law Judge relied and, should we conclude that the evidence is of such quality and quantity as would warrant a reasonable mind in arriving at the same conclusion as did the Administrative Law Judge, then, even though we might have come to another conclusion based upon that same evidence, we must reverse the Benefits Review Board and reinstate the Administrative Law Judge's award.
 
 
 3
 Because he did not qualify for the presumption relating to respiratory or pulmonary impairment found in 20 C.F.R. 410.414(b), in order to be entitled to benefits, Dixon was required, by "relevant evidence," to establish the existence of a totally disabling chronic respiratory or pulmonary impairment, and that the impairment arose out of employment in a coal mine. 20 C.F.R. 410.414(c). Here, the evidence relied upon by the Administrative Law Judge in awarding benefits consisted of reports from two physicians who had examined Dixon, Ballard D. Wright, M.D., and Lowell D. Martin, M.D.
 
 
 4
 As noted by the Administrative Law Judge, Dr. Wright concluded that Dixon:
 
 
 5
 ... has significant pulmonary disease. This is probably attributed to coal workers pneumoconiosis, as the patient does not smoke. He has bronchitic syndrome. He has moderate pulmonary dysfunction. Resting electrocardiogram and history are strongly suggestive of ischemic heart disease, however, this was not corroborated by stress testing. The patient does demonstrate exceedingly poor aerobic capacity. In my opinion, he cannot continue to perform arduous labor and is incapacitated because of the above diseases.
 
 
 6
 The Administrative Law Judge in commenting on Dr. Wright's report, then wrote:
 
 
 7
 This finding was made in light of the doctor's recognition that the claimant's x-ray was normal and pulmonary function testing was not indicitive of total disability. Moreover his conclusion is buttressed by the report of Dr. Lowel [sic] D. Martin, the only other physician who clinically examined the claimant in connection with his claim, and who concluded that he was totally disabled by black lung.
 
 
 8
 Dr. Wright addressed coal mine employment causation in terms of probability, and concluded that Dixon was "incapacitated" from "diseases" described as "significant pulmonary disease" (including "bronchitic syndrome," "moderate pulmonary dysfunction," and "exceedingly poor aerobic capacity") and an electrocardiogram and history suggestive of heart disease, although not corroborated by stress testing. The suggested heart disease would appear to be the least severe of Dixon's problems, in Dr. Wright's opinion. Dr. Martin diagnosed pneumoconiosis, and reported that there was evidence that Dixon had cardiovascular disease related to respiratory disease, and was totally and permanently disabled from chronic respiratory pulmonary disease.
 
 
 9
 Although these reports may not constitute strong evidence to support Dixon's claim, they are consistent and, when read and evaluated together, we are unable to say that reasonable minds would not be warranted in concluding that Dixon was totally disabled from pneumoconiosis. The conclusion of the Administrative Law Judge therefore was supported by substantial evidence, and the Benefits Review Board erred in reversing his award of benefits.
 
 
 10
 Accordingly, the decision of the Benefits Review Board is reversed and this cause is remanded to the Department of Labor for an award of benefits in accordance with the decision of the Administrative Law Judge.